## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION
## CASE NO. 3:24-CV-474-RGJ

**CANARY DATE SCULPTING, INC**
**d/b/a CANARY TREE SERVICE**
**A/A/O**

| | |
|---|---|
| **LELIA BOWMAN** | |
| **SHERRY BRUCE** | |
| **DARYL DIXON** | |
| **DAVID GWALTNEY** | |
| **JAMIE HOLDER** | |
| **JAY HOLT** | |
| **MICHELE KEES** | |
| **ANTHONY KIRKPATRICK** | |
| **LINDA LINDSEY** | |
| **SHELLEY PRINDLE** | |
| **GERALD RAQUE** | |
| **BECKY RHODES** | |
| **JANET SEGO** | |
| **SCOTT STAGGS** | |
| **RON WILKEY** | **PLAINTIFF** |

**VS.**

**KENTUCKY FARM BUREAU MUTUAL**
**INSURANCE COMPANY, a** for-profit
Organization                                                    **DEFENDANT**

---

## COMPLAINT

---

Plaintiff, CANARY DATE SCULPTING d/b/a Canary Tree Service a/a/o Lelia Bowman, Sherry Bruce, Daryl Dixon, David Gwaltney, Jamie Holder, Jay Holt, Michele Kees, Anthony Kirkpatrick, Linda Lindsey, Shelley Prindle, Gerald Raque, Becky Rhodes, Janet Sego, Scott Staggs, and  Ron Wilkey ("Canary"), by and through counsel, file this Complaint for the breach of contract and for Unfair Claims Settlement violations against Kentucky Farm Bureau Mutual Insurance Company ("KFB"), and in support hereof, states as follows:

## PARTIES

1. Plaintiff Assignee, Canary Tree Services, principal place of business is Jacksonville, Florida.

2. Assignor, Lelia Bowman, is a resident of Lyon County, Kentucky.

3. Assignor, Sherry Bruce, is a resident of Graves County, Kentucky.

4. Assignor, Daryl Dixon, is a resident of Marshall County, Kentucky.

5. Assignor, David Gwaltney, is a resident of Lyon County, Kentucky.

6. Assignor, Jamie Holder, is a resident of Marshall County, Kentucky.

7. Assignor, Jay Holt, is a resident of Marshall County, Kentucky.

8. Assignor, Michele Kees, is a resident of Trigg County, Kentucky.

9. Assignor, Anthony Kirkpatrick, is a resident of Marshall County, Kentucky.

10. Assignor, Linda Lindsey, is a resident of Marshall County, Kentucky.

11. Assignor, Shelley Prindle, is a resident of Marshall County, Kentucky.

12. Assignor, Gerald Raque, is a resident of Lyon County, Kentucky.

13. Assignor, Becky Rhodes, is a resident of Marshall County, Kentucky.

14. Assignor, Janet Sego, is a resident of Marshall County, Kentucky.

15. Assignor, Scott Staggs, is a resident of Marshall County, Kentucky.

16. Assignor, Ron Wilkey, is a resident of Marshall County, Kentucky.

17. Upon information and belief, Defendant is an insurance company, registered to transact business in, and in fact transacts business in, the State of Kentucky. Defendant may be served with process through its registered agent, Paula P. Smith, 9201 Bunsen Parkway, Louisville, KY 40220, as identified by the State of Kentucky Secretary of State registry.

**JURISDICTION & VENUE**

18. Plaintiff hereby incorporates by reference all allegations previously set forth in this Complaint.

19. Jurisdiction of this Court is invoked pursuant to diversity of jurisdiction in accordance with 28 U.S.C. §1332.

20. Plaintiff is a business organized under the laws of the state of Florida with a principal office address in Jacksonville, Florida.

21. Defendant is a business organized under the laws of the state of Kentucky with a principal office address in Louisville, Kentucky.

22. The amount in controversy (exclusive of costs and interests) exceed $75,000 for Plaintiff's claims in accordance with 28 U.S.C. §1332.

20. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Western District of Kentucky.

**THE INSURANCE POLICIES**

21. Plaintiff hereby incorporates by reference all allegations previously set forth in this Complaint.

22. In consideration of the premiums paid to the Defendant by the Assignor Lelia Bowman ("Bowman"), Defendant issued its insurance policy. The policy insured against damage to Bowman's home located at 432 Lakeview Trail, Eddyville, Kentucky 42038, and the policy likewise insured against loss due to storm damage.

23. In consideration of the premiums paid to the Defendant by the Assignor Sherry Bruce ("Bruce"), Defendant issued its insurance policy. The policy insured against damage to

Bruce's home located at 384 Cardinal Road, Mayfield, Kentucky 42066, and the policy likewise insured against loss due to storm damage.

24. In consideration of the premiums paid to the Defendant by the Assignor Daryl Dixon ("Dixon"), Defendant issued its insurance policy. The policy insured against damage to Dixon's home located at 898 Cambridge Shore, Gilbertsville, Kentucky 42044, and the policy likewise insured against loss due to storm damage.

25. In consideration of the premiums paid to the Defendant by the Assignor David Gwaltney ("Gwaltney"), Defendant issued its insurance policy. The policy insured against damage to Gwaltney's home located at 407 Lakeview Trail, Eddyville, Kentucky 42038 and the policy likewise insured against loss due to storm damage.

26. In consideration of the premiums paid to the Defendant by the Assignor Jamie Holder ("Holder"), Defendant issued its insurance policy. The policy insured against damage to Holder's home located at 275 Kentucky Avenue, Gilbertsville, Kentucky 42044, and the policy likewise insured against loss due to storm damage.

27. In consideration of the premiums paid to the Defendant by the Assignor Jay Holt ("Holt"), Defendant issued its insurance policy. The policy insured against damage to Holt's home located at 87 Knox Drive, Gilbertsville, Kentucky 42044, and the policy likewise insured against loss due to storm damage.

28. In consideration of the premiums paid to the Defendant by the Assignor Michele Kees ("Kees"), Defendant issued its insurance policy. The policy insured against damage to Kees' home located at 1461 Goose Hollow Road, Cadiz, Kentucky, and the policy likewise insured against loss due to storm damage.

29. In consideration of the premiums paid to the Defendant by the Assignor Anthony
Kirkpatrick ("Kirkpatrick"), Defendant issued its insurance policy. The policy insured
against damage to Kirkpatrick's home located at 87 Knox Drive, Gilbertsville, Kentucky
42044, and the policy likewise insured against loss due to storm damage.

30. In consideration of the premiums paid to the Defendant by the Assignor Linda Lindsey
("Lindsey"), Defendant issued its insurance policy. The policy insured against damage to
Lindsey's home located at 933 Cambridge Shores Drive, Gilbertsville, Kentucky 42044,
and the policy likewise insured against loss due to storm damage.

31. In consideration of the premiums paid to the Defendant by the Assignor Shelley Prindle
("Prindle"), Defendant issued its insurance policy. The policy insured against damage to
Prindle's home and boat located at 249 Cape Fair, Gilbertsville, Kentucky 42044, and the
policy likewise insured against loss due to storm damage.

32. In consideration of the premiums paid to the Defendant by the Assignor Gerald Raque
("Raque"), Defendant issued its insurance policy. The policy insured against damage to
Raque's home located at 534 Lake View Trail, Eddyville, Kentucky 42038, and the
policy likewise insured against loss due to storm damage.

33. In consideration of the premiums paid to the Defendant by the Assignor Becky Rhodes
("Rhodes"), Defendant issued its insurance policy. The policy insured against damage to
Rhode's home located at 439 Johnson School Road, Benton, Kentucky, and the policy
likewise insured against loss due to storm damage.

34. In consideration of the premiums paid to the Defendant by the Assignor Janet Sego
("Sego"), Defendant issued its insurance policy. The policy insured against damage to

Sego's home located at 351 Cambridge Shores Drive, Gilbertsville, Kentucky 42044, and the policy likewise insured against loss due to storm damage.

35. In consideration of the premiums paid to the Defendant by the Assignor Scott Staggs ("Staggs"), Defendant issued its insurance policy. The policy insured against damage to Staggs' home located at 139 Lakeshore Road, Gilbertsville, Kentucky 42044, and the policy likewise insured against loss due to storm damage.

36. In consideration of the premiums paid to the Defendant by the Assignor Ron Wilkey ("Wilkey"), Defendant issued its insurance policy. The policy insured against damage to Wilkey's home located at 103 Enterprise Lane, Gilbertsville, Kentucky 42044, and the policy likewise insured against loss due to storm damage.

37. The policies were all-perils policies and covered emergency tree work performed by Assignee Plaintiff.

38. The policies covered various types of expenses, including reimbursement of expenses for reasonable and necessary costs incurred for tree removal to protect covered property from further covered loss.

## **FACTUAL BACKGROUND**

39. Plaintiff hereby incorporates by reference all allegations previously set forth in this Complaint.

40. On or about December 11, 2021, a tornado caused direct physical loss of, or damage to, the Assignor's properties listed above. The insurance policies were in effect at the time of the above-referenced storm.

41. The Assignors promptly and timely notified the Defendant of the damage due to a
    covered peril and made claims pursuant to the insurance policies. As a result, the
    Defendant assigned the following claim numbers to each Assignor:

    a. Lelia Bowman:        4660663.

    b. Sherry Bruce:        4664261.

    c. Daryl Dixon:         4662116.

    d. David Gwaltney:      4660749.

    e. Jamie Holder:        4663012.

    f. Jay Holt:            4663102.

    g. Michele Kees:        4679589.

    h. Anthony Kirkpatrick: 08025614.

    i. Linda Lindsey:       4662347.

    j. Shelley Prindle:     4660578 (Boat) & 4660567 (Home).

    k. Gerald Raque:        4662225.

    l. Becky Rhodes:        4663797.

    m. Janet Sego:          4662190.

    n. Scott Staggs:        4662110.

    o. Ron Wilkey:          4663919.

42. At all times, Assignors made themselves and their homes available to, and fully
    cooperated with the Defendant and its representative agent(s) to inspect and investigate
    the damages caused by the tornado.

43. Due to the severity of the damage caused to the Assignor's homes and properties, the Assignors contacted the Plaintiff, Canary Tree Services to assist with emergency tree removal.

44. Upon completion of the emergency tree removal from each of the Assignor's properties, the Assignor's signed an assignment of benefits with Canary Tree Services (See Exhibits A-O).

45. Demands for payment were sent to the Defendant for the emergency tree removal work performed for each Assignor. Specifically, the following amounts owed to the Plaintiff were demanded for each Assignor:

    a. Lelia Bowman:     $23,137.50.

    b. Sherry Bruce:     $36,573.50.

    c. Dayrl Dixon:     $17,884.49.

    d. David Gwaltney:     $14,325.02.

    e. Jamie Holder:     $23,837.50.

    f. Jay Holt:     $28,682.41.

    g. Michele Kees:     $19,869.38.

    h. Anthony Kirkpatrick: $34,775.00

    i. Linda Lindsey:     $20,282.65.

    j. Shelley Prindle:     $12,117.10 (Boat) & $26,953.68 (Home).

    k. Gerald Raque:     $71,690.00

    l. Becky Rhodes:     $9,137.50

    m. Janet Sego:     $15,065.80

    n. Scott Staggs:     $50,230.00

      o.  Ron Wilkey:          $58,248.71.

46. To date, the Defendant owes the Plaintiff a total of $462,810.24 for emergency tree removal work performed for the Assignors which exceeds the jurisdictional amount of $75,000.00.

## ASSIGNMENT OF BENEFITS

47. Plaintiff hereby incorporates by reference all allegations previously set forth in this Complaint.

48. Plaintiff obtained a valid Assignment of Benefits from each Assignor / Homeowner mentioned previously. (See Exhibits A-O).

49. As such the Assignee (Plaintiff) stands in the shoes of each Assignor. (*Wehr Constructors, Inc. v. Assurance Co. of Am*., 384 S.W.3d 680 (Ky. 2012).

50. The law in Kentucky is clear that although there is a prohibition to assigning benefits prior to loss, doing so after the loss imposes no violation. (Id.).

51. As such, assignment after a loss has occurred is simply allowing another to collect on a set claim which is not speculative. (Id.).

## COUNT I: BREACH OF CONTRACT

52. Plaintiff hereby incorporates by reference all allegations previously set forth in this Complaint.

53. The policies between each Assignor and the Defendant were in place and valid at the time of the loss described above.

54. Plaintiff has satisfied all conditions precedent pursuant to the insurance polices for each Assignor.

55. Plaintiff has made a demand for payment under each insurance policy for the loss.

56. Defendant accepted coverage under each policy but grossly underpaid each claim thereby breach said contracts.

## COUNT II: VIOLATION OF THE UNFAIR CLAIMS SETTLEMENT PRACTICES FOR PROPERTY AND CASUALTY INSURANCE STATUTE (806 KAR 12:095)

57. Plaintiff hereby incorporates by reference all allegations previously set forth in this Complaint.

58. Plaintiff is a "First Party Claimant" as defined in 806 KAR 12:095 Section 1(6).

59. Defendant is an "Insurer" as defined in 806 KAR 12:095 Section 1(7).

60. Despite knowing the valid assignment of benefits, the Defendant refused to forward a copy of the insurance policy in clear violation of 806 KAR 12:095 Section 4(1).

61. Defendant knowingly refused to furnish a copy of the policy in an attempt to conceal from this party-claimant benefits pertinent to the claim.

62. Defendant has established a pattern of wrongful denial thereby establishing a general business practice.

63. The Defendant, during its improper handling of these cases for each assignor, has also violated KRS 304.12-2306,7 & 8.

WHEREFORE, Plaintiff requests all appropriate penalties be assessed against the Defendant and that Plaintiff receive any and all damages at law to which it is justly entitled, and thus prays for judgment against the Defendant as follows:

1. A trial by jury.

2. That is Court grant judgment in favor of the Plaintiff and against the Defendant in the amount of $462,810.24, or in amount to be determined at trial for breach of insurance contract.

3. Award the Plaintiff compensatory damages and consequential damages including all damages to the Plaintiff by the Defendant.

4. Costs incurred in this action and a reasonable attorney's fee;

5. Prejudgment interest; and

6. Such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

/s/ *Noel Caldwell*
NOEL CALDWELL
Noel Caldwell, Attorney at Law PLLC
153 Market Street
Lexington, KY 40507
(859) 494-4780
noelcaldwell@gmail.com

AND

/s/ *Thomas L. Todd*
THOMAS L. TODD
Todd & Todd, PLLC
153 Market Street
Lexington, KY 40507
(859) 253-9999
thomas@toddfirm.com

**Counsel for Plaintiff**