UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
Civil Action No. 3:24-CV-474-RGJ-CHL
***Electronically Filed***

CANARY DATE SCULPTING, INC.
d/b/a CANARY TREE SERVICE                                    PLAINTIFF,

VS.                              **MOTION TO DISMISS**

KENTUCKY FARM BUREAU
MUTUAL INSURANCE COMPANY                                   DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

Comes the Defendant, Kentucky Farm Bureau Mutual Insurance Company, by counsel, and for its Motion to Dismiss, pursuant to Fed. R. Civ. P. 41(b), for Plaintiff's failure to comply with the Court's Orders to cause counsel to appear on its behalf, states as follows:

On November 5, 2025, Plaintiff's attorneys filed a Motion to Withdraw as Counsel of record for the Plaintiff and stated their basis for withdrawal as follows: "(1) Plaintiff was administratively dissolved on September 27, 2024, and (2) the undersigned's efforts to reach the sole director/officer, Justin L. Hartman, regarding corporate reinstatement, the details of this matter, *etc.* have proven unsuccessful."  (DN 29).  On December 16, 2025, the Court granted Plaintiff's attorneys' Motion to Withdraw as Counsel of Record, finding good cause to grant their withdrawal, and the attorneys were terminated as counsel of record for Plaintiff. (DN 33).  Within this same Order, the Court ordered Justin L. Hartman, the sole director and officer of Plaintiff Canary Date Sculpting, Inc., to cause counsel to appear on Plaintiff's

behalf no later than January 9, 2026. (DN 33). Also within this Order, the Court made clear that as an entity party, Plaintiff may not proceed pro se, citing *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993). No action was taken by Justin L. Hartman or by Plaintiff by the Court's deadline.

After Justin L. Hartman and Plaintiff failed to comply with the Court's deadline to cause counsel to appear on Plaintiff's behalf, the Court entered another Order on January 21, 2026, cautioning Plaintiff once more that it may not proceed pro se because it is an entity party. (DN 37). The Court also warned Plaintiff that "[f]ailure to cause counsel to make an appearance will likely result in Plaintiff's case being dismissed." (DN 37). Within this Order, the Court gave Plaintiff a new deadline, February 13, 2026, to cause counsel to enter an appearance on Plaintiff's behalf in this case. (DN 37). No action was taken by Justin L. Hartman or by the Plaintiff by the Court's February 13, 2026 deadline.

On February 24, 2026, the Court ordered the former attorneys for Plaintiff to confirm that they had provided the Court with the correct contact information for Plaintiff. (DN 41). On March 2, 2026, Plaintiff's former attorneys confirmed that they provided the Court with the correct contact information for Plaintiff. (DN 42). To date, no action has been taken by Justin L. Hartman or by the Plaintiff to cause counsel to enter an appearance on Plaintiff's behalf. As mentioned by the Court, Plaintiff may not proceed pro se because it is an entity party. *Rowland*, 506 U.S. 194, 202 (1993).

WHEREFORE, Defendant moves this Court to dismiss all claims of the Plaintiff against the Defendant, pursuant to Fed. R. Civ. P. 41(b), for Plaintiff's failure to prosecute

its claim against the Defendant and for Plaintiff's failure to comply with the Court's Orders to cause counsel to appear on its behalf.

Respectfully submitted,

*/s/ Jake Carter*

_____

Jake Carter, Attorney
Mike Moore, Attorney
Moore Law Firm
103 Fountain Avenue
Paducah, Kentucky  42001
(270) 575-9100
mike@mikemoorelaw.com
jake@mikemoorelaw.com
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that I have served all parties the foregoing with the Clerk of U.S. District Court using the CM/ECF filing system, which will send electronic notice to the following: **Canary Date Sculpting, Inc., d/b/a Canary Tree Service,** 12052 Royal Fern Ln., Jacksonville, FL 32223, Plaintiff; this the 16th day of March, 2026.

*/s/ Jake Carter*

_____

Jake Carter, Attorney