UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CANARY DATE SCULPTING, INC.                                    Plaintiff
D/B/A CANARY TREE SERVICE

v.                                          Civil Action No. 3:24-cv-00474-RGJ-CHL

KENTUCKY FARM BUREAU MUTUAL                                    Defendant
INSURUANCE COMPANY

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Defendant Kentucky Farm Bureau ("KFB") moves to dismiss Canary Date Sculpting, Inc. d/b/a Canary Tree Service's ("Canary") complaint pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute or comply with Court orders. [DE 45]. KFB also moves for summary judgment with respect to Canary's claims. [DE 46]. Canary has not responded to either motion, and the time to do so has passed. The matter is ripe. For the reasons below, the Court **GRANTS** KFB's motion to dismiss [DE 45] and **DENIES AS MOOT** KFB's motion for summary judgment [DE 46].

## I.      BACKGROUND

Canary initiated this action through counsel on August 19, 2024, alleging (1) breach of contract and (2) violation of the Kentucky Unfair Claims Settlement Practices Act against KFB. [DE 1]. KFB moved to dismiss the complaint for failure to state a claim under Rule 12(b)(6), which the Court granted in part on September 18, 2025. [DE 27]. On November 25, 2025, Canary's attorneys moved to withdraw as counsel. [DE 29]. As the basis for the withdrawal, they stated: "(1) [Canary] was administratively dissolved on September 27, 2024, and (2) the undersigned's efforts to reach the sole director/officer, Justin L. Hartman ("Hartman"), regarding corporate reinstatement, the details of this matter, *etc.* have proven unsuccessful." [*Id.* at 580]. On December

1

16, 2025, the Court found good cause to permit counsel's withdrawal and granted the motion to withdraw, leaving Canary without counsel. [DE 33]. The Court noted that, as an entity party, Canary may not proceed *pro se*. [*Id.*]. Accordingly, the Court ordered Hartman to cause counsel to appear on Canary's behalf no later than January 9, 2025. [*Id.* at 592].

After Hartman failed to meet the Court's deadline to cause counsel to appear, the Court entered another order cautioning Canary that it may not proceed *pro se* and that failure to cause counsel to appear will likely result in dismissal. [DE 37 at 598]. The Court set a new deadline of February 13, 2026 for Canary to cause counsel to appear on its behalf. [*Id.* at 599]. Still, neither Hartman nor Canary took any action to meet the February 13 deadline. On February 24, 2026, the Court ordered the former attorneys for Canary to confirm that they had provided the Court with the correct contact information for Plaintiff. [DE 41]. The Court noted that mail addressed to Hartman had been returned as undeliverable. [*Id.*; DE 34; DE 39]. Canary's former attorneys confirmed that they provided the Court with the correct contact information. [DE 42]. On March 6, 2026, KFB filed a notice of information regarding the whereabouts of Canary. [DE 43]. KFB provided the Court with an affidavit of Paul M. Fata ("Fata"), counsel for the Commonwealth of Kentucky in a separate action, stating that Hartman has a history of evading service, that Hartman's current whereabouts are unknown, and that all attempts to effectuate service have been unsuccessful. [DE 43-1 at 610–12].

To date, no action has been taken by Hartman or by Canary to cause counsel to enter an appearance on Canary's behalf. Accordingly, KFB moves for dismissal of all claims given Canary's failure to prosecute [DE 45] and moves for summary judgment based on the merits of Canary's claims. [DE 46].

## II.    STANDARD

The Court has authority to dismiss a defendant and claims against the defendant for a plaintiff's failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, or failure to comply with a court order. Fed. R. Civ. P. 41(b); *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008). The Sixth Circuit employs a four-factor analysis for determining whether dismissal pursuant to Rule 41(b) for failure to prosecute is warranted:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). Additionally, entity parties may not proceed *pro se* and instead "may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993).

## III.    DISCUSSION

As to the first factor, the docket reflects no action by Canary since November 25, 2025, when counsel moved to withdraw due to Canary's dissolution and counsel's inability to contact Hartman, Canary's sole director. [DE 29]. Since then, the Court has repeatedly attempted to contact Hartman, [DE 34; DE 39; DE 40], and has twice ordered Hartman to cause counsel to appear. [DE 33; DE 37]. Despite the Court's warnings that failure to secure counsel could result in dismissal, neither Canary nor Hartman responded or caused counsel to appear. The first factor is satisfied if the plaintiff "display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Schafer*, 529 F.3d at 737 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)). Canary has repeatedly failed to comply with Court orders and respond to communications, indicating a reckless disregard for the effect of

3

its conduct on proceedings. Moreover, Fata's affidavit suggests that Hartman has a pattern of evading service.

Second, Canary's conduct—or lack thereof—has prejudiced KFB, albeit minimally, because KFB has expended resources to assist the Court in locating Canary. [DE 43]. *See id.* at 739 ("The key to finding prejudice in a dismissal for lack of prosecution is whether the defendants 'waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)).

As to the third factor, "[p]rior notice, or the lack thereof, is . . . a key consideration" in determining to dismiss a case for failure to prosecute. *Schafer*, 529 F.3d at 737 (internal quotation marks omitted) (quoting *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998)). Here, the Court twice warned Canary that it could not proceed *pro se* as a corporate entity and offered Canary two different deadlines by which to secure counsel. The Court also warned Canary that failure to secure counsel could result in dismissal of the case. Canary's failure to respond despite the Court's express warnings weighs heavily in favor of dismissal.

Finally, under the fourth factor, "the sanction of dismissal is appropriate only if the attorney's actions amounted to failure to prosecute and no alternative sanction would protect the integrity of the pretrial process." *Id.* at 738. Given Canary's repeated failure to prosecute this action and the Court's inability to communicate with Canary, an order compelling compliance and ordering sanctions is unlikely to result in cooperation. Because Canary failed to prosecute this action against KFB and failed to comply with Court orders to secure counsel, Canary's claims must be dismissed under Fed. R. Civ. P. 41.

Because the Court dismisses Canary's complaint pursuant to Rule 41(b), KFB's motion for summary judgment [DE 46] is moot. The Court will therefore deny it as moot.

4

## IV.    CONCLUSION

For the reasons stated above, the Court **GRANTS** KFB's motion to dismiss [DE 45] and

**DENIES AS MOOT** KFB's motion for summary judgment [DE 46].

Rebecca Grady Jennings, District Judge
United States District Court

May 1, 2026

5